UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Thomas Oliver

    v.                        Case No. 23-cv-187-LM-AKJ

Joseph Leonard Michaud, et al.

**REPORT AND RECOMMENDATION**

Plaintiff Thomas Oliver, proceeding pro se, has filed a six-count complaint against nine defendants -- most of whom are federal judges -- alleging that, individually and collectively, they engaged in a widespread and long-running conspiracy to injure him, in violation of constitutional, statutory, and common law.  Plaintiff's complaint has been referred to the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).[1]

**Preliminary Review Standard**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989). When a party proceeds in forma pauperis, however, a court must "dismiss the

---

[1]Because the defendants include all the District Judges and Magistrate Judges sitting in the District of Rhode Island, those judges recused themselves and the case was referred to this District.  See Transfer Order (Doc. No. 5).

case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. Neitzke, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

**Factual Allegations**

The origin of this lawsuit dates to 2014, when Mr. Oliver was granted a default judgment in Massachusetts state court against an individual not a party to this suit.  Mr. Oliver alleges that defendant Michaud, apparently serving as the defaulted defendant's attorney, subsequently "illegally transformed" that judgment into a judgment for his client by contacting the court.  Mr. Oliver further alleges that correspondence he received in September 2014 contains evidence that Michaud behaved illegally.  The Massachusetts court entered judgment against Mr. Oliver in November 2015.  Mr. Oliver's appeals were unsuccessful.  See Compl. (Doc. No. 8) at 3-5.[2]

In February 2020, Mr. Oliver learned of a lien on property he owned in Rhode Island that stemmed from the previous

---

[2] See Oliver v. Parent, 102 N.E. 2d 427, 2018 WL 472642 (Mass. App. Ct. Jan. 19, 2018), aff'd 102 N.E. 2d 976 (Table) (Mass. Mar. 29, 2018).  Of note, the decision of the Massachusetts Appeals Court indicates that the defaulted defendant's "contact" with the court was a timely motion to vacate the first default entered against the defendant.  The trial court eventually entered default against Mr. Oliver because he failed to appear at the scheduled bench trial.  Id., 2018 WL 472642, at *1.  The court takes judicial notice of Mr. Oliver's prior lawsuits.  See Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006) (court in determining if complaint meets notice pleading standard may consider facts properly subject to judicial notice); see also Maher v. Hyde, 272 F.3d 83, 86 (1st Cir. 2001) (federal courts may take judicial notice of proceedings in other courts if relevant to matters at hand).

Massachusetts judgment. In an attempt to shield the income-producing property, Mr. Oliver filed for bankruptcy protection in the Southern District of California. See In Re Oliver, No. 20-01053-CL7 (Bankr. S.D. Cal. Feb. 28, 2020). Mr. Oliver alleges that an "agent" of defendant Michaud violated the Bankruptcy Code's automatic stay provision by selling Mr. Oliver's property on June 10, 2021. Despite Mr. Oliver's protestations that he had been the victim of an organized conspiracy, the bankruptcy court declined to discharge Mr. Oliver's debts, including the original Massachusetts judgment. That decision, which Mr. Oliver here describes as "fraudulent," was affirmed by a Bankruptcy Appellate Panel. See In re: Oliver, Nos. SC-1151-SFB, SC-21-1182-SFB, 2022 WL 2290555 (B.A.P. 9th Cir. June 24, 2022).[3]

On April 29, 2022, Mr. Oliver, proceeding pro se and seeking in forma pauperis status, sued Michaud and several other defendants in the United States District Court for the District of Rhode Island. See Oliver v. Michaud, et al., No. 1:22-cv-354-MSM-LDA. The suit was based on the 2015 Massachusetts default judgment as well as Mr. Oliver's claim that he was illegally

---

[3]Mr. Oliver subsequently sued the United States Trustee and Bankruptcy Judge based on their actions in the bankruptcy case. The District Court granted the defendants' motions to dismiss. Mr. Oliver's appeal of that dismissal is pending. See Order of Dismissal, Oliver v. Mihelic, et al., No. 23-cv-01807-LL-DEB (S.D. Cal. Feb 8, 2022), appeal docketed, No. 22-55229 (9th Cir. Mar. 3, 2022).

4

deprived of rental income from property he owned. After first ordering that the complaint be served, Judge McElroy vacated the service order, and dismissed the case on preliminary review. See id. Feb. 7, 2023, Order of Dismissal (Doc. No. 6). Rather than appealing the decision, Mr. Oliver filed a petition for mandamus in the First Circuit Court of Appeals. See In re: Oliver, No. 23-1184 (appeal docketed Feb. 22. 2023). A panel of the Court of Appeals denied the petition. See id. Judgment (1st Cir. Mar. 8, 2023).

In this suit, Mr. Oliver has again sued Michaud, and as previously noted, see supra, n.1, has also sued the three District Judges and two Magistrate Judges assigned to the District of Rhode Island. He has also sued the three appellate court judges that denied his mandamus petition.

## Analysis

Mr. Oliver has asserted six causes of action: 1) violation of constitutional rights[4]; 2) actual fraud/concealment; 3) civil conspiracy; 4) RICO against Michaud[5]; 5) RICO against the United

---

[4] Count 1 is asserted against all defendants except Judges Howard, Gelpi and Kayatta. The remaining counts, except for count 4, are asserted against all defendants.

[5] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq.

States District Court for the District of Rhode Island[6]; 6) intentional infliction of emotional distress.

A. Judicial Immunity

Mr. Oliver's claims against Judges McElroy, McConnell, Smith, Sullivan, Almond, Gelpi, Howard and Kayatta are barred by the doctrine of absolute judicial immunity and should therefore be dismissed. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." Id. at 617. "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Id. at 617 n.10 (citation omitted).

Mr. Oliver's claims against these defendants indisputably arise from their actions taken in their adjudicatory capacities in his previous Rhode Island case. Indeed, this case is little more than a listing of the reasons why Mr. Oliver believes several other court rulings, including those by the instant defendants, were incorrect. Accordingly, the district judge should dismiss all claims asserted against the judicial defendants.

---

[6] Id.

6

B.  Claims against defendant Michaud

   1.  RICO

To state a RICO claim, Mr. Oliver must allege four elements: "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity". Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005) (internal citations omitted). The statute defines "enterprise" as any "legal entity," such as an "individual, partnership, corporation, association" and "any other union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Also, where, as here, a plaintiff relies on predicate acts containing fraud, they are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirement. See New England Data Services, Inc. v. Becher, 829 F.2d 286, 288 (1st Cir. 1987) (stating, in civil RICO case, that Rule 9(b) has been strictly applied where fraud lies at the core of the claim).

Here, aside from conclusory and speculative allegations regarding defendant Michaud – many of which are controverted by the relevant court records, Mr. Oliver has failed to support his legal allegation with any particularized facts.  Such conclusory assertions do not satisfy Rule 9(b). See Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004) (observing that claims for fraud typically must "specify the who, what, where, and when of the allegedly false or

7

fraudulent representation"). Accordingly, this count should be dismissed for failure to state a claim for relief.

### 2. Constitutional violations

Defendant Michaud, a private individual, cannot be held liable for alleged constitutional violations. The United States Constitution "erects no shield against merely private conduct, however . . . wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). A private party can be held to be a state actor for purposes of § 1983 only under limited circumstances, none of which are present here. See Blum, 457 U.S. at 1004-05 (describing circumstances under which a private actor can be deemed to be a state actor for purposes of § 1983). The constitutional claims against defendant Michaud should, therefore, be dismissed for failure to state a claim for relief.

### 3. State law claims

Three of Mr. Oliver's claims against defendant Michaud – actual fraud/concealment, civil conspiracy, and intentional infliction of emotional distress -- arise under state law. Subject matter jurisdiction over these claims may exist based on diversity of citizenship pursuant to 28 U.S.C. § 1332 or, if the requirements for diversity jurisdiction are not met, the court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a). The court first addresses diversity jurisdiction.

Mr. Oliver describes himself as a "U.S. citizen residing and domiciled in the United States of America, but not in Rhode Island, Massachusetts, Maine, New Hampshire or Puerto Rico." Compl. (Doc. No. 8) at 2. As Judge McElroy found in Mr. Oliver's earlier suit, "[t]he plaintiff's caginess about where he lives comes at a price." Oliver v. Michaud, No. 1:22-cv-354-MSM-LDA, Order (Doc. No. 6) (D.R.I. Feb. 7, 2023). Simply saying that he is "not a citizen" of several states "is not sufficient to give jurisdiction in a . . . Court of the United States." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (quoting Cameron v. Hodges, 127 U.S. 332, 334 (1888). Mr. Oliver must "plead jurisdiction in the affirmative." Cormier v. Securitas Sec. Servs., USA, Inc., 578 F. Supp. 3d 264, 266 (D.N.H. 2022) (citing D.B. Zwirn, 661 F.3d at 126). Having failed to do so, Mr. Oliver has failed to satisfy the requirements for diversity jurisdiction.

A federal court exercising original jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Swartz v. Sylvester, 53 F.4th 693, 703 (1st Cir. 2022) (quoting 28 U.S.C. § 1367(a)). "[I]n the usual case in which all federal-law claims are eliminated

9

before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.' " Zell v. Ricci, 957 F.3d 1, 15 (1st Cir. 2020) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  In addition, "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve the interests of fairness, judicial economy, convenience, and comity." Id. (cleaned up).

Here, with the case at its earliest stage, the court finds that this is the "usual case," Zell, 957 F.3d at 15, and that none of the interests of "fairness, judicial economy, convenience, or comity would be served" by retaining jurisdiction over the state-law claim. See id.  If the court accepts the recommendation to dismiss Mr. Oliver's federal claims, it should decline to exercise supplemental jurisdiction over Mr. Oliver's state law claims.

## Conclusion

Based on the foregoing, the district judge should dismiss the claims against the judicial defendants based on judicial immunity.  The federal claim against defendant Michaud should be dismissed for failure to state a claim.  The court should decline to exercise supplemental jurisdiction over the state law

claims against defendant Michaud, and those claims should be dismissed for lack of subject matter jurisdiction, without prejudice to being filed in a court of competent jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)

_____
Andrea K. Johnstone
United States Magistrate Judge

May 24, 2023

cc: Thomas Oliver, pro se